**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DARION FREDERICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-00437 (UNA) |
| | ) | |
| SMALL CLAIMS | ) | |
| DISTRICT COURTHOUSE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is currently before the Court on consideration of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Upon review, the Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Maryland, sues the "Small Claims District Courthouse," located at 510 4th Street N.W., and three unnamed D.C. court employees. *See* Compl. at 1–2. He does not provide names or addresses for the intended individual Defendants, in contravention of D.C. Local Rule 5.1(c)(1); *see Armstrong v. Bureau of Prisons*, 976 F. Supp. 17, 23 (D.D.C. 1997) ("there is no provision in the federal statutes or federal rules of civil procedure for the use of fictitious defendants."), *aff'd*, No. 97-5208, 1998 WL 65543 (D.C. Cir. Jan. 30, 1998) (per curiam), and D.C. local courts are all *non sui juris*, *see Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 344–45 (D.D.C. 2011) (citing cases); *Featherston v. Dist. of Columbia Sup. Court*, No. 07-1933, 2009 WL 10713464, at *2 (D.D.C. May 5, 2009) (citing cases). Therefore, as pleaded, none of these Defendants can be sued.

The allegations themselves fare no better.   Plaintiff broadly and vaguely contends that Defendants were "ambiguously racist and fascist," by denying him service.  *See id.* at 4.  He demands anywhere from $500 million to $1 trillion in damages.  *See id*.  No other information, context, or supporting details, are provided.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and here, the Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The instant Complaint does not provide the Defendants or the Court with adequate notice of a claim.  As here, "the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint."  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Nor must the court accept "a legal conclusion couched as a factual allegation," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim.  *Id.*

Accordingly, this case is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

DATE: May 14, 2026                                  /s/ CHRISTOPHER R. COOPER
                                                    United States District Judge